UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

        Plaintiff,

           v.                  CAUSE NO. 3:25-CV-925-JD-AZ

BELL,

        Defendant.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett is suing a single defendant,[1] Bell, regarding an incident that occurred on March 7, 2024. ECF 1. The complaint indicates that, on March 7, 2024, Baggett was moved to a new housing unit. He asserts that he was immediately attacked by guards, although he does not name them or describe the nature of the attack. He was allegedly

---

[1] Baggett indicates he is suing multiple defendants, but he lists only one defendant.

thrown into a cell with a known member of a security threat group. Baggett asked someone (he does not say who) for protective custody paperwork, but his request was denied. The known member of a security threat group was removed from the cell, but others saw this and it allegedly put a target on Baggett, who reports that his property was stolen by inmates.

Baggett indicates that a family member is a gang leader in a group opposed to the security threat group that the person he was housed with belongs to. He told correctional officers this, and they did not take this into consideration. As a result of the move, Baggett lost his job. He also sang in a band, and he could no longer sing with that band after he was moved. He claims he lost his health too. He indicates that his spine is broken, he wears a back brace, and he cannot lift his legs without help. He wears a cast. He has arthritis in his hands. He cannot see out of his left eye because it was crushed. Hs jaw is allegedly broken from correctional officers jumping on his head. He also indicates that he has been harassed by staff since reporting this.

Here, Baggett sues Bell, but he never describes who Bell is or what role Bell played in the various allegations he makes. The complaint is short on facts, dates, and specifics about what occurred, when, and how Bell was involved. Based on what it does say, it is not plausible to infer that Bell violated any of Baggett's constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Delashun Baggett until **December 18, 2025**, to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4