UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-925-JD-AZ |
| BELL, | |
| Defendant. | |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, initiated this case by filing a vague complaint. ECF 1. He was given an opportunity to amend his complaint and cautioned that, if he did not respond by the deadline, this case would be dismissed under 28 U.S.C. § 1915A without further notice because the original complaint did not state a claim for which relief could be granted. ECF 4. Following that order, Baggett filed an unsigned complaint on November 24, 2025. ECF 7. Another unsigned complaint was received on December 8, 2025. ECF 9. A third unsigned complaint was filed on December 26, 2025. ECF 12. This complaint was a duplicate of the complaint filed on December 8, 2025. Each of these unsigned complaints were stricken, and Baggett was granted another opportunity to file a single, signed amended complaint. ECF 13. Baggett filed a signed amended complaint on January 20, 2026.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett's original complaint named Bell as a defendant and referenced an incident that occurred on March 7, 2024. ECF 1. The complaint made a variety of allegations but never explained who Bell was or what role he played in the various allegations. In the amended complaint, Baggett again names Bell as a defendant, but he alleges only that, on March 7, 2024, he was attacked by multiple staff members and Bell led the alleged assault.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890.

The court explained that Baggett's earlier complaint was short on facts, dates, and specifics about what occurred, when, and how Bell was involved. It explained that, based on what it did say, it was not plausible to infer that Bell violated any of Baggett's

2

rights. Baggett's amended complaint includes even less detail than his earlier complaint. Merely alleging that Baggett was assaulted by staff led by Bell does not state a claim. Therefore, Baggett may not proceed against Bell for the alleged incident occurring on March 7, 2024.

Baggett further alleges that he has been harassed by Bell in retaliation for reporting this incident, but he does not describe to whom he reported the incident or how he made the report. He does not describe how Bell harassed him. He does not explain why he believes that the allegedly harassing actions are linked to his report of events that occurred on March 7, 2024. Baggett does say that there are exhibits that show how Bell harassed him, but Baggett did not attach those exhibits to his amended complaint. "[P]arties [must] make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The complaint itself needs to explain what Bell did that allegedly violated the constitution, and Baggett's amended complaint does not do this.

Additionally, Baggett has named Warden Smith, Warden English, and the Commissioner as defendants. He is suing them because they allegedly failed to keep Baggett safe from Bell and others. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of*

3

*East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Baggett's amended complaint does not allege that Warden Smith, Warden English, or the commissioner were personally involved in any violation of Baggett's rights. Therefore, he may not proceed against them.

Baggett also indicates that he is constantly being written up on false charges. Allegations of false disciplinary reports do not state a claim where due process is afforded, and Baggett does not allege any due process deficiencies following the allegedly false charges. *Hanrahan v. Lane,* 747 F.2d 1137, 1140 (7th Cir. 1984). Therefore, he may not proceed on these claims.

Finally, Baggett has named the Indiana Department of Correction as a defendant for "allowing these things to continue." ECF 14 at 3. Claims arising under the Eighth Amendment or First Amendment must be brought pursuant to 42 U.S.C. § 1983, which provides a cause of action for constitutional violations by people acting under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The IDOC is an arm of the state and, as such, cannot be sued in federal court under 42 U.S.C. § 1983. *See Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). States and state agencies are not "persons" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Therefore, Baggett cannot proceed on any Eighth Amendment or First Amendment retaliation claim against the IDOC.

The amended complaint is short on facts, dates, and specifics about what, when, and how the alleged events giving rise to this case occurred. Based on what it does say, it is not plausible to infer that any defendant violated Baggett's constitutional rights. A

4

complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

    This amended complaint does not state a claim for which relief can be granted. Baggett has already had one opportunity to amend his complaint. Nonetheless, if Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause

number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should complete all portions of the form. He should avoid using legal jargon and should instead explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Delashun Baggett until **March 24, 2026**, to file another amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 24, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT